3044029-LRB/PRS                                                                  ARDC #6206641

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAVEEN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:20-cv-147 ) |
| ZACHARIAH KRAEMER, individually and as Agent, employee, and/or servant of PTX SERVICES, LLC, a foreign corporation, and/or servant of PRO TRANSPORT LOGISTICS, LLC, a foreign corporation, PTX SERVICES, LLC, a foreign corporation, and PRO TRANSPORT LOGISTICS, LLC, a foreign corporation. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

NOW COME the Defendants, ZACHARIAH KRAEMER, PTX SERVICES, LLC, and PRO TRANSPORT LOGISTICS, LLC, by and through their attorneys Lew R.C. Bricker and Paul R. Struebing of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, state as follows:

1. This matter arises from a January 21, 2019, accident in the Township of Wilmington, County of Will, State of Illinois where the plaintiff alleges that he sustained personal injuries. (*See* Plaintiff's Complaint at Law attached as Exhibit "A.")

2. On October 29, 2019, the plaintiff filed a five-count Complaint at Law in the Circuit Court of Will County, Illinois bearing Will County Case No. 19 L 942. (*See* Ex. A.)

1

3. Defendants, ZACHARIAH KRAEMER, PTX SERVICES, LLC, and PRO TRANSPORT LOGISTICS, LLC, remove this matter based upon subject matter jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

4. All of the defendants join in the removal of this matter, as established in 28 U.S.C. § 1446.

5. Shown below, diversity of citizenship exists, the defendants assert a good faith basis that the amount in controversy exceeds $75,000.00 and Removal is timely.

## ARGUMENT

**Diversity of Citizenship Exists**

6. Upon information and belief, the plaintiff, RAVEEN SMITH, is currently and was at the time of the subject accident domiciled in, a citizen of, and a resident of the State of Illinois.

7. Defendant, ZACHARIAH KRAEMER, at the time of the accident, the time the Complaint was filed in the Circuit Court of Will County, and at the present time was and is domiciled in, a citizen of, and a resident of the State of Wisconsin. (*See* Redacted copy of Zachariah Kraemer's Commercial Driver's License attached as Exhibit "B.")

8. At the time of the accident, the time the Complaint was filed in the Circuit Court of Will County, and at the present time, the defendants, PTX SERVICES, LLC, and PRO TRANSPORT LOGISTICS, LLC, were and are citizens of the State of Wisconsin. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

9. At the time of the occurrence, at the time the Complaint was filed in the Circuit Court of Will County, and at the present time, the defendants, PTX SERVICES, LLC, and PRO TRANSPORT LOGISTICS, LLC, were and are incorporated in the State of Wisconsin. (*See* PTX Services, LLC Wisconsin Department of Financial Institutions Corporate Records attached as Exhibit "C" and Pro Transport Logistics, LLC, Wisconsin Department of Financial Institutions Corporate Records attached as Exhibit "D".)

10. United States Supreme Court precedent requires that when determining a corporation's principal place of business federal courts must perform the "nerve center" test, explaining:

> …the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the…corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.,* 559 U.S. at 92-93. At the time of the alleged occurrence, at the time the Complaint was filed in the Circuit Court of Will County and at the present time, the defendant, PTX SERVICES, LLC, maintained its principal place of business in Plymouth, Wisconsin. (*See* PTX Services, LLC Affidavit attached as Exhibit "E".) Similarly, at the time of the alleged occurrence, at the time of the Complaint's filing, and at the present time, the defendant, PRO TRANSPORT LOGISTICS, LLC, maintained its principal place of business in Elkhart Lake, Wisconsin. (*See* Pro Transport Logistics, LLC Affidavit attached as Exhibit "F".)

11. Thus, under the "nerve center" test set forth in *Hertz Corp.,* the defendants, PTX SERVICES, LLC, and PRO TRANSPORT LOGISTICS, LLC, are citizens of the State of Wisconsin.

12. As such, complete diversity of citizenship exists between the plaintiff, RAVEEN SMITH, and the defendants, ZACHARIAH KRAEMER, PTX SERVICES, LLC, and PRO TRANSPORT LOGISTICS, LLC.

**The Amount in Controversy Exceeds $75,000.00**

13. The plaintiff, RAVEEN SMITH, alleges that he "suffered multiple injuries, both internally and externally…which are both permanent and lasting; which have caused and will continue to cause pain in body and mind; that plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; thereby incurring losses of large sums of money; and that plaintiff has been and in the future will be prevented from attending to his usual affairs and duties." (Ex. A.)

14. The plaintiff demands judgment against the defendants, ZACHARIAH KRAEMER, PTX SERVICE, LLC, and PRO TRANSPORT LOGISTICS, LLC, for a sum in excess of $50,000.00. (*See* Affidavit attached as Exhibit "G.")

15. Upon information and belief, the plaintiff is expected to claim that the accident necessitated a spinal fusion, has prevented him from returning to work since the January 21, 2019, accident, resulted in significant medical bills for the treatment of his condition, and will no doubt seek in excess of $75,000.00 to resolve this matter.

**Removal is Timely Filed**

16. This Notice of Removal was filed within thirty (30) days of "the receipt by the defendant, through services or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

17. The plaintiff filed his Complaint at Law on October 19, 2019. (*See* Ex. A.)

18. Service was effectuated on defendant PTX SERVICE, LLC, on December 12, 2019.

19. Upon information and belief, service has been effectuated on defendants, ZACHARIAH KRAEMER, and PRO TRANSPORT LOGISTICS, LLC.

20. As established in this Notice, the defendants have properly filed their Notice of Removal within the applicable thirty-day period. The time period established in § 1446 is mandatory and should be strictly construed. *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270 (7th Cir. 1982). The defendants have complied with this thirty-day deadline. Therefore, the defendants' Notice of Removal is timely filed.

21. As required by 28 U.S.C. §1446(d), the movant will promptly serve upon the plaintiff's counsel and file with the Circuit Court of Will County a true and correct copy of this Notice.

22. As required by 28 U.S.C §1446(a), a true and correct copy of all process, pleadings, and orders served upon the defendants in this action are attached hereto. (*See* Ex. A.)

23. By removing this action, the defendants do not waive any defenses available to them.

24. If any question arises as to the propriety of the removal of this action, the movants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

25. This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants, ZACHARIAH KRAEMER, PTX SERVICES, LLC, and PRO TRANSPORT LOGISTICS, LLC, by their attorneys, Lew R.C. Bricker and Paul R.

Struebing of SmithAmundsen LLC, pray that this Honorable Court retain jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Movants further pray that should this Court require a hearing that they be afforded the opportunity to present a brief and oral argument in support of their position. The Defendants pray for further and other relief as this Court deems proper and just.

                                                Respectfully submitted,

By:    //Lew R.C. Bricker
          Lew R.C. Bricker – ARDC No.: 6206647
          Attorney for Defendants, Zachariah
          Kraemer, PTX Services, LLC, and
          Pro Transport Logistics
          SMITH AMUNDSEN, LLC
          150 North Michigan Avenue, Suite 3300
          Chicago, Illinois 60601
          Tel: (312) 894-3200
          Fax: (312) 894-3210
          E-Mail: lbricker@salawus.com

Lew R.C. Bricker
Paul R. Struebing
Attorneys for Defendants,
Zachariah Kraemer, PTX Services, LLC,
And Pro Transport Logistics, LLC
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894-3210
E-Mail: lbricker@salawus.com
pstruebing@salawus.com