**STATE OF ILLINOIS** )
                    ) SS
**COUNTY OF WILL** )
     **IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
              **WILL COUNTY, ILLINOIS**

|  |  |
|---|---|
| RAVEEN SMITH,<br><br>           Plaintiff,<br><br>vs.<br><br>ZACHARIAH KRAEMER, individually and as<br>agent, employee, and/or servant of PTX<br>SERVICES, LLC., a foreign corporation, and/or<br>servant of PRO TRANSPORT LOGISTICS, LLC,<br>a foreign corporation, PTX SERVICES, LLC., a<br>foreign corporation, and PRO TRANSPORT<br>LOGISTICS, a foreign corporation.<br><br>           Defendant. | CASE NO. 19 L 942<br><br>**PLEASE SERVE**<br>PTX Services, LLC<br>Via Registered Agent:<br>ADAM N. SKARIE 331<br>E. Washington St.<br>Appleton, WI 54900-5451 |

## SUMMON

     **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF PRAYED IN THIS COMPLAINT.**

**TO THE OFFICER:**

     This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

     This summons may not be served later than 30 days after its date.

WITNESS: _____11/21/2019_____, 2019



Andrea Lynn Chasteen
**Clerk of said Circuit Court**

BY: _____
      **(Deputy)**

**COLE H. MUNVEZ**
**PARENTE & NOREM, P.C.**
Attorney for Plaintiff
221 North LaSalle, Floor 27
Chicago, IL 60601
(T) 312-641-5926
Attorney No.: 6305855





**EXHIBIT**
**A**

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
19L942
Filed Date: 10/29/2019 3:42 PM
Envelope: 7155129
Clerk: JT

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT**
**WILL COUNTY, ILLINOIS**

RAVEEN SMITH )
)
Plaintiff )
) 19L942
vs. ) Case No.:
)
ZACHARIAH KRAEMER, individually and as )
agent, employee, and/or servant of PTX ) JURY DEMAND
SERVICES, LLC., a foreign corporation, and/or )
servant of PRO TRANSPORT LOGISTICS, LLC, )
a foreign corporation, PTX SERVICES, LLC., a )
foreign corporation, and PRO TRANSPORT )
LOGISTICS, a foreign corporation. )
)
Defendant(s). )

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, RAVEEN SMITH by and through his attorneys, PARENTE

& NOREM, P.C., and in his Complaint at Law against the Defendants, ZACHARIAH

KRAEMER, individually and as agent, employee, and/or servant of PTX SERVICES, LLC., a

foreign corporation, and/or agent, employee, and/or servant of PRO TRANSPORT LOGISTICS,

LLC, a foreign corporation, PTX SERVICES, LLC., a foreign corporation, and PRO

TRANSPORT LOGISTICS, a foreign corporation, Plaintiff states as follows:

### COUNT I
### RAVEEN SMITH vs. ZACHARIAH KRAEMER individually, and as an agent, employee, and/or servant of PTX SERVICES, LLC., a foreign corporation

1. That on and prior to January 21, 2019, and at all relevant times herein, the

Defendant, ZACHARIAH KRAEMER, resided in the State of Wisconsin.

2. That on and prior to January 21, 2019, and at all relevant times herein, the

Defendant, PTX SERVICES, LLC., (hereinafter "PTX SERVICES") was a foreign limited

liability corporation that did business in the County of Will, State of Illinois.

Initial case management set for
2/18/2020 at: 9:00 a.m.

3.      That on or about January 21, 2019, Plaintiff RAVEEN SMITH, was in the course of his employment as garbage truck driver for his employer Waste Management Services, and driving a garbage truck northbound on Illinois Route 53 in the far-right lane in Wilmington Township, County of Will, State of Illinois.

4.      That at the aforementioned time and place, Defendant ZACHARIAH KRAEMER was operating a certain tractor trailer, traveling in a westerly direction while exiting a grainery driveway and in the process of making a left-hand turn onto northbound Illinois Route 53, in Wilmington Township, County of Will, State of Illinois.

5.      That at the aforementioned time and place, Defendant ZACHARIAH KRAEMER improperly crossed into the far-right lane in the imminent path of Plaintiff's garbage truck, causing Plaintiff to suddenly swerve right into the adjacent ditch in order to avoid any collision which caused the garbage truck to overturn and roll with great force and violence.

6.      That at the aforementioned time and place, Defendant ZACHARIAH KRAEMER, did not see the vehicle of Plaintiff RAVEEN SMITH, approaching on northbound Illinois Route 53 when Defendant, ZACHARIAH KRAEMER, attempted to make his left turn onto said roadway.

7.      That at the aforementioned time and place, Defendant, ZACHARIAH KRAEMER, stated that he was completely at fault and did not see Plaintiff, RAVEEN SMITH, approaching as Defendant, ZACHARIAH KRAEMER, made his left turn out of the grainery driveway into the path of the Plaintiff, RAVEEN SMITH.

8.      That at all times relevant hereto, Defendant ZACHARIAH KRAEMER operated said tractor-trailer under the authority and with the use of Defendant's company name, PTX SERVICES, INC., as well as USDOT # 1725823 and MC # 809141, MC-177463 then and there displayed on said tractor-trailer.

9.     That at all times relevant hereto, there was in full force and effect, Illinois Vehicle

Code § 18b-105(b) adopting Part 390 of the Federal Motor Carrier Safety Administration. 625

ILCS 5/18b-105(b).

10.     That at all times relevant hereto, Defendants were subject to the requirements of

Part 390 of the Federal Motor Carrier Safety Administration, in that:

> **Employee means any individual, other than an employer, who is employed by
> an employer and who in the course of his or her employment directly affects
> commercial motor vehicle safety. Such term includes a driver of a commercial
> motor vehicle (including an independent contractor while in the course of
> operating a commercial motor vehicle), a mechanic, and a freight handler.
> Such term does not include an employee of the United State, any State, any
> political subdivision of a State, or any agency established under a compact
> between States and approved by the Congress of the United States who is
> acting within the course of such employment.**
>
> **Employer means any person engaged in a business affecting interstate
> commerce who owns or leases a commercial motor vehicle in connection with
> that business, or assigns employees to operate it, but such terms does not
> include the United States, any State, any political subdivision of a State, or any
> agency established under a compact between states approved by the Congress
> of the United States.**
>
> **49 C.F.R. § 390.5**

11.     That at all times relevant, Defendant ZACHARIAH KRAEMER, was operating

said tractor trailer in furtherance of a common interest and/or at the direction of Defendant PTX

SERVICES, INC., as its agent, employee, and/or servant.

12.     That at all times relevant, Defendant ZACHARIAH KRAEMER, individually, and

as an agent, employee and/or servant of Defendant PTX SERVICES, INC. had a duty to operate,

manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not

cause injury to others.

13.     That at the aforementioned time and place, and notwithstanding the aforesaid duty,

Defendant, ZACHARIAH KRAEMER, individually, and as an agent, employee and/or servant of

Defendant PTX SERVICES, INC. then and there carelessly and negligently did, or failed to do,

one or more of the following acts and/or omissions:

a) Did not make a proper left turn from a private driveway, in violation of 625 ILCS 5/11-902;

b) Did not make a proper left turn, contrary to and in violation of 625 ILCS 5/11-801(a)(2);

c) Did not drive his motor vehicle as nearly as practicable entirely within a single lane of traffic, in violation of 625 ILCS 5/11-709(a);

d) Moved said motor vehicle from his lane of traffic without first ascertaining that such movement could be made with safety, in violation of 625 ILCS 5/11-709(a);

e) Did not keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

f) Operated the motor vehicle with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

g) Operated said vehicle at such rate of speed that it could not be stopped in violation of 625 ILCS 5/11-601;

h) Did not take any evasive measures to avoid the collision;

i) Did not retain sufficient and proper control over the operation of said motor vehicle;

j) Did not operate said motor vehicle in a reasonably safe manner so as not to cause injury to the Plaintiff;

k) Operated said motor vehicle so as to enter plaintiff's lane of traffic and strike plaintiff's motor vehicle.

l) Traveled too fast for the conditions.

14. That as a direct and proximate result of the aforementioned, the Plaintiff suffered

multiple injuries, both internally and externally, of a personal and pecuniary nature; which are both

permanent and lasting; which have caused and will continue to cause pain in body and mind; that

plaintiff was caused to expend and in the future will be compelled to expend, large sums of money

in endeavoring to be cured of said injuries; thereby incurring losses of large sums of money; and

that plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RAVEEN SMITH asks for judgment against ZACHARIAH KRAEMER, individually, and as an agent, employee, and/or servant of PTX SERVICES, LLC., a foreign corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this action.

## COUNT II
### RAVEEN SMITH. vs. PTX SERVICES, LLC, a foreign corporation

1-9.      That Plaintiff re-alleges and re-states Paragraphs one (1) through nine (9) of Count I, as though fully stated, alleged and plead as Paragraphs one (1) through nine (9) of Count II herein.

10.      That at all times relevant herein, the tractor trailer being operated by Defendant ZACHARIAH KRAEMER was owned and/or leased by Defendant PTX SERVICES, INC.

11.      That on or about January 21, 2019, Defendant ZACHARIAH KRAEMER was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant PTX SERVICES, INC. as its agent, employee, and/or servant.

12.      That at all times relevant hereto, Defendant PTX SERVICES, INC., through its agent, employee, and/or servant, Defendant ZACHARIAH KRAEMER operated said tractor-trailer under the authority and with the use of Defendant PTX SERVICES, INC. company name, as well as USDOT # 1725823 and MC # 809141, MC-177463 then and there displayed on said tractor-trailer.

13.      That at all times relevant hereto, there was in full force and effect, Illinois Vehicle Code § 18b-105(b) adopting Part 390 of the Federal Motor Carrier Safety Administration. 625 ILCS 5/18b-105(b).

14.    That at all times relevant hereto, Defendants were subject to the requirements of

Part 390 of the Federal Motor Carrier Safety Administration, in that:

> **Employee means any individual, other than an employer, who is employed by
> an employer and who in the course of his or her employment directly affects
> commercial motor vehicle safety. Such term includes a driver of a commercial
> motor vehicle (including an independent contractor while in the course of
> operating a commercial motor vehicle), a mechanic, and a freight handler.**
> Such term does not include an employee of the United State, any State, any
> political subdivision of a State, or any agency established under a compact
> between States and approved by the Congress of the United States who is
> acting within the course of such employment.

> **Employer means any person engaged in a business affecting interstate
> commerce who owns or leases a commercial motor vehicle in connection with
> that business, or assigns employees to operate it, but such terms does not
> include the United States, any State, any political subdivision of a State, or any
> agency established under a compact between states approved by the Congress
> of the United States.**

49 C.F.R. § 390.5

15.    That Defendant PTX SERVICES, INC. through its agent, employee, and/or

servant, Defendant ZACHARIAH KRAEMER then and there had a duty to operate, manage,

maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury

to others.

16.    That at the aforementioned time and place, and notwithstanding the aforesaid duty,

Defendant PTX SERVICES, INC., through its agent, employee, and/or servant, Defendant

ZACHARIAH KRAEMER then and there carelessly and negligently did, or failed to do, one or

more of the following acts and/or omissions:

a) Did not make a proper left turn from a private driveway, in violation of 625 ILCS 5/11-902;

b) Did not make a proper left turn, contrary to and in violation of 625 ILCS 5/11-801(a)(2);

c) Did not drive his motor vehicle as nearly as practicable entirely within a single lane of traffic, in violation of 625 ILCS 5/11-709(a);

d) Moved said motor vehicle from his lane of traffic without first ascertaining that such movement could be made with safety, in violation of 625 ILCS 5/11-709(a);

e) Did not keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

f) Operated the motor vehicle with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

g) Operated said vehicle at such rate of speed that it could not be stopped in violation of 625 ILCS 5/11-601;

h) Did not take any evasive measures to avoid the collision;

i) Did not retain sufficient and proper control over the operation of said motor vehicle;

j) Did not operate said motor vehicle in a reasonably safe manner so as not to cause injury to the Plaintiff;

k) Operated said motor vehicle so as to enter plaintiff's lane of traffic and strike plaintiff's motor vehicle.

l) Traveled too fast for the conditions.

17.     That as a direct and proximate result of the aforementioned, the Plaintiff suffered multiple injuries, both internally and externally, of a personal and pecuniary nature; which are both permanent and lasting; which have caused and will continue to cause pain in body and mind; that plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; thereby incurring losses of large sums of money; and that plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RAVEEN SMITH., asks for judgment against PTX SERVICES, INC., a foreign Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this action.

## COUNT III
### RAVEEN SMITH vs. ZACHARIAH KRAEMER individually, and as an agent, employee, and/or servant of PRO TRANSPORT LOGISTICS, LLC, a foreign corporation

1.      That on and prior to January 21, 2019, and at all relevant times herein, the Defendant, ZACHARIAH KRAEMER, resided in the State of Wisconsin.

2.      That on and prior to January 21, 2019, and at all relevant times herein, the Defendant, PRO TRANSPORT LOGISTICS, LLC. (hereinafter "PRO TRANSPORT") was a foreign corporation that did business in the County of Will, State of Illinois.

3.      That on or about January 21, 2019, Plaintiff RAVEEN SMITH, was in the course of his employment as garbage truck driver for his employer Waste Management Services, and driving a garbage truck northbound on Illinois Route 53 in the far-right lane in Wilmington Township, County of Will, State of Illinois.

4.      That at the aforementioned time and place, Defendant ZACHARIAH KRAEMER was operating a certain tractor trailer, traveling in a westerly direction while exiting a grainery driveway and in the process of making a left-hand turn onto northbound Illinois Route 53, in Wilmington Township, County of Will, State of Illinois.

5.      That at the aforementioned time and place, Defendant ZACHARIAH KRAEMER improperly crossed into the far-right lane in the imminent path of Plaintiff's garbage truck, causing Plaintiff to suddenly swerve right into the adjacent ditch in order to avoid any collision which caused the garbage truck to overturn and roll with great force and violence.

6.      That at the aforementioned time and place, Defendant ZACHARIAH KRAEMER, did not see the vehicle of Plaintiff RAVEEN SMITH, approaching on northbound Illinois Route 53 when Defendant, ZACHARIAH KRAEMER, attempted to make his left turn onto said roadway.

7. That Defendant, ZACHARIAH KRAEMER, stated that he was completely at fault and did not see Plaintiff, RAVEEN SMITH, approaching as Defendant, ZACHARIAH KRAEMER, made his left turn out of the grainery driveway into the path of the Plaintiff, RAVEEN SMITH.

8. That at all times relevant hereto, Defendant ZACHARIAH KRAEMER operated said tractor-trailer under the authority and with the use of Defendant's company name, PRO TRANSPORT as well as USDOT # 1725823 and MC # 809141, MC-177463 then and there displayed on said tractor-trailer.

9. That at all times relevant hereto, there was in full force and effect, Illinois Vehicle Code § 18b-105(b) adopting Part 390 of the Federal Motor Carrier Safety Administration. 625 ILCS 5/18b-105(b).

10. That at all times relevant hereto, Defendants were subject to the requirements of Part 390 of the Federal Motor Carrier Safety Administration, in that:

Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United State, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment.

Employer means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or any agency established under a compact between states approved by the Congress of the United States.

49 C.F.R. § 390.5

11. That at all times relevant, Defendant ZACHARIAH KRAEMER, was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant PRO TRANSPORT as its agent, employee, and/or servant.

12. That at all times relevant, Defendant ZACHARIAH KRAEMER, individually, and as an agent, employee and/or servant of Defendant PRO TRANSPORT had a duty to operate, manage, maintain, and control his tractor trailer with ordinary and reasonable care so as to not cause injury to others.

13. That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant, ZACHARIAH KRAEMER, individually, and as an agent, employee and/or servant of Defendant PRO TRANSPORT then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions:

a) Did not make a proper left turn from a private driveway, in violation of 625 ILCS 5/11-902;

b) Did not make a proper left turn, contrary to and in violation of 625 ILCS 5/11-801(a)(2);

c) Did not drive his motor vehicle as nearly as practicable entirely within a single lane of traffic, in violation of 625 ILCS 5/11-709(a);

d) Moved said motor vehicle from his lane of traffic without first ascertaining that such movement could be made with safety, in violation of 625 ILCS 5/11-709(a);

e) Did not keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

f) Operated the motor vehicle with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

g) Operated said vehicle at such rate of speed that it could not be stopped in violation of 625 ILCS 5/11-601;

h) Did not take any evasive measures to avoid the collision;

i) Did not retain sufficient and proper control over the operation of said motor vehicle;

j) Did not operate said motor vehicle in a reasonably safe manner so as not to cause injury to the Plaintiff;

k) Operated said motor vehicle so as to enter plaintiff's lane of traffic and strike plaintiff's motor vehicle.

l) Traveled too fast for the conditions.

14.     That as a direct and proximate result of the aforementioned, the Plaintiff suffered multiple injuries, both internally and externally, of a personal and pecuniary nature; which are both permanent and lasting; which have caused and will continue to cause pain in body and mind; that plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; thereby incurring losses of large sums of money; and that plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RAVEEN SMITH asks for judgment against ZACHARIAH KRAEMER, individually, and as an agent, employee, and/or servant of PRO TRANSPORT. a foreign corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this action.

## COUNT IV
### RAVEEN SMITH. vs. PRO TRANSPORT LOGISTICS, LLC a foreign corporation

1-9.     That Plaintiff re-alleges and re-states Paragraphs one (1) through nine (9) of Count III, as though fully stated, alleged and plead as Paragraphs one (1) through nine (9) of Count IV herein.

10.     That at all times relevant herein, the tractor trailer being operated by Defendant ZACHARIAH KRAEMER was owned and/or leased by Defendant PRO TRANSPORT.

11.     That on or about January 21, 2019, Defendant ZACHARIAH KRAEMER was operating said tractor trailer in furtherance of a common interest and/or at the direction of Defendant PRO TRANSPORT as its agent, employee, and/or servant.

12.     That at all times relevant hereto, Defendant PRO TRANSPORT through its agent, employee, and/or servant, Defendant ZACHARIAH KRAEMER operated said tractor-trailer under the authority and with the use of Defendant PRO TRANSPORT company name, as well as USDOT # 1725823 and MC # 809141, MC-177463 then and there displayed on said tractor-trailer.

13.     That at all times relevant hereto, there was in full force and effect, Illinois Vehicle Code § 18b-105(b) adopting Part 390 of the Federal Motor Carrier Safety Administration. 625 ILCS 5/18b-105(b).

14.     That at all times relevant hereto, Defendants were subject to the requirements of Part 390 of the Federal Motor Carrier Safety Administration, in that:

> **Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United State, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment.**

> **Employer means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or any agency established under a compact between states approved by the Congress of the United States.**

> **49 C.F.R. § 390.5**

15.     That Defendant PRO TRANSPORT through its agent, employee, and/or servant, Defendant ZACHARIAH KRAEMER then and there had a duty to operate, manage, maintain, and control said tractor trailer with ordinary and reasonable care so as to not cause injury to others.

16.     That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant PRO TRANSPORT through its agent, employee, and/or servant, Defendant

ZACHARIAH KRAEMER then and there carelessly and negligently did, or failed to do, one or

more of the following acts and/or omissions:

a) Did not make a proper left turn from a private driveway, in violation of 625 ILCS 5/11-902;

b) Did not make a proper left turn, contrary to and in violation of 625 ILCS 5/11-801(a)(2);

c) Did not drive his motor vehicle as nearly as practicable entirely within a single lane of traffic, in violation of 625 ILCS 5/11-709(a);

d) Moved said motor vehicle from his lane of traffic without first ascertaining that such movement could be made with safety, in violation of 625 ILCS 5/11-709(a);

e) Did not keep a proper lookout with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

f) Operated the motor vehicle with reckless disregard of the safety of others, including the Plaintiff's, contrary to and in violation of 625 ILCS 5/11-503;

g) Operated said vehicle at such rate of speed that it could not be stopped in violation of 625 ILCS 5/11-601;

h) Did not take any evasive measures to avoid the collision;

i) Did not retain sufficient and proper control over the operation of said motor vehicle;

j) Did not operate said motor vehicle in a reasonably safe manner so as not to cause injury to the Plaintiff;

k) Operated said motor vehicle so as to enter plaintiff's lane of traffic and strike plaintiff's motor vehicle.

l) Traveled too fast for the conditions.

15.     That as a direct and proximate result of the aforementioned, the Plaintiff suffered

multiple injuries, both internally and externally, of a personal and pecuniary nature; which are both

permanent and lasting; which have caused and will continue to cause pain in body and mind; that

plaintiff was caused to expend and in the future will be compelled to expend, large sums of money

in endeavoring to be cured of said injuries; thereby incurring losses of large sums of money; and

that plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, the Plaintiff, RAVEEN SMITH., asks for judgment against PRO TRANSPORT a foreign Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this action.

The Law Offices of
PARENTE & NOREM, P.C.

Christopher M. Norem, One of the Attorneys
for the Plaintiff, RAVEEN SMITH.

Christopher M. Norem
Matthew J. Coleman
Cole H. Munvez
PARENTE & NOREM, P.C.
Attorneys for the Plaintiff
221 North LaSalle
27th Floor
Chicago, Illinois 60601
(312) 641-5926
Attorney No.: 31556
cn@pninjurylaw.com
mc@pninjurylaw.com
chm@pninjurylaw.com

14

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
19L942
Date: 10/29/2019 3:42 PM
Envelope: 7155129
Clerk: JT

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| RAVEEN SMITH | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )       Case No.:   19L942 |
| | ) |
| ZACHARIAH KRAEMER, individually and as | ) |
| agent, employee, and/or servant of PTX | )    JURY DEMAND |
| SERVICES, INC. a foreign corporation, and/or | ) |
| servant of PRO TRANSPORT LOGISTICS, LLC, | ) |
| a foreign corporation, PTX SERVICES, INC., a | ) |
| foreign corporation, and PRO TRANSPORT | ) |
| LOGISTICS, a foreign corporation. | ) |
| | ) |
| Defendant(s). | ) |

## RULE 222(B) AFFIDAVIT

Christopher M. Norem, on oath states:

1) I am one of the attorneys for Plaintiffs in the above captioned case; for purposes of the Rule 222(B) affidavit, I am the Plaintiff's authorized agent.

2) The total money damages sought in this case does exceed $50,000.

Further affiant sayeth naught.

Law Offices of
PARENTE & NOREM, P.C.
221 N. LaSalle St., Ste. 2700
Chicago, Illinois 60601
Telephone: (312) 641-5926         Christopher M. Norem
Facsimile: (312) 641-5929          Attorney for Plaintiff
Atty. No.: 31556

15

Served By S.S. PS JX Services LLC — Adam Starie
Hr 10.00 A.M. P.M. Mo. 10 Day 12 20 19
Location 331 E. Washington St Appleton, WI
CLINT C. KRIEWALDT, SHERIFF OF OUTAGAMIE CO.
By J Schultz _____ Deputy Sheriff

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
19L942
Filed Date: 12/12/2019 4:26 PM
Envelope: 7714296
Clerk: HW

**Fond du Lac County Sheriff's Office, PO Box 1273, Fond du Lac WI 54936-1273**
**(920) 929-3375 – www.fdlsheriff.com**

STATE OF WISCONSIN

CERTIFICATE OF SERVICE

COUNTY OF FOND DU LAC

Case Number: 19 L 942

I hereby certify that on December 9, 2019 at 03:20 PM at 423 Thomas St, Fond du Lac,

WI , County of Fond du Lac, I duly served the Summons & Complaint on Zachariah J

Kraemer by then and there delivering to and leaving with Zachariah J Kraemer (Self)

personally and I endorsed with my name, official title and date of service thereon.

Comments:

Dated: December 10, 2019

Ryan F. Waldschmidt
Fond du Lac County Sheriff

Per:

Carmen Elliott #220
Deputy Sheriff, Fond du Lac County

Service:        $55.00        PAID

19-1572



76817-102-003
FD01 ALC C4F

01301 002123549 49

**ENDORSEMENTS:** N-Tank Vehicles • **RESTRICTIONS:** Corr

Anatomical Gift Statement • Upon my death I wish to donate:

05111989
wisconsindmv.gov



**COMMERCIAL DRIVER LICENSE**

# WISCONSIN · USA

9 CLASS ABCD

KRAEMER
2 ZACHARIAH JAMES

8 423 THOMAS ST
FOND DU LAC, WI 54935

5 SEX M   6 HGT 5'-10"
7 WGT 130 lb   8 EYES HAZ
9 HAIR BLK   4a ISS 08/30/2019 DUP
3 DOB   4b EXP 05/11/2026
9a END N   5 DD OTC4F2019083011362499

**EXHIBIT**

B

1/2/2020                                                PTX SERVICES, LLC (P056493)

# Wisconsin Department of Financial Institutions
## Strengthening Wisconsin's Financial Future

Search for:                                                                    Search
                                                                               Advanced Search
PTX Services, LLC                                          Search Records       Name Availability

**Corporate Records**                                      Result of lookup for **P056493** (at 1/2/2020 10:45 AM )

# PTX SERVICES, LLC

You can: File an Annual Report - Request a Certificate of Status - File a Registered Agent/Office Update Form

### Vital Statistics

| | |
|---|---|
| **Entity ID** | P056493 |
| **Registered Effective Date** | 11/29/2010 |
| **Period of Existence** | PER |
| **Status** | Organized   Request a Certificate of Status |
| **Status Date** | 11/29/2010 |
| **Entity Type** | Domestic Limited Liability Company |
| **Annual Report Requirements** | Limited Liability Companies are required to file an Annual Report under s. 183.0120, WI Statutes. |

### Addresses

**Registered Agent Office**
ADAM N. SKARIE
331 E WASHINGTON ST
APPLETON , WI 54911-5451

File a Registered Agent/Office Update Form

**Principal Office**
1431 BRUHY RD
PLYMOUTH , WI 53073-3542
UNITED STATES OF AMERICA

### Historical Information

**Annual Reports**

| Year | Reel | Image | Filed By | Stored On |
|------|------|-------|----------|-----------|
| 2019 | 000 | 0000 | online | database |
| 2018 | 000 | 0000 | online | database |
| 2017 | 000 | 0000 | online | database |
| 2016 | 000 | 0000 | online | database |
| 2015 | 000 | 0000 | online | database |
| 2014 | 000 | 0000 | online | database |
| 2013 | 000 | 0000 | online | database |
| 2012 | 000 | 0000 | online | database |



**EXHIBIT**

C

1/2/2020                                             PTX SERVICES, LLC (P056493)

| 2011 | 000 | 0000 | online | database |

File an Annual Report - Order a Document Copy

**Certificates of**          None
**Newly-elected**
**Officers/Directors**

**Old Names**                None

**Chronology**

| Effective Date | Transaction | Filed Date | Description |
| --- | --- | --- | --- |
| 11/29/2010 | Organized | 11/29/2010 | E-Form |
| 11/27/2017 | Change of Registered Agent | 11/27/2017 | OnlineForm 5 |

Order a Document Copy

1/2/2020          PRO TRANSPORT LOGISTICS, LLC (P073040)

# Wisconsin Department of Financial Institutions
## Strengthening Wisconsin's Financial Future

Search for:

| Pro Transport Logistics | Search Records | Search<br>Advanced Search<br>Name Availability |

**Corporate Records**

Result of lookup for **P073040** (at 1/2/2020 10:46 AM )

# PRO TRANSPORT LOGISTICS, LLC

You can: File an Annual Report - Request a Certificate of Status - File a Registered Agent/Office Update Form

## Vital Statistics

| | |
|---|---|
| **Entity ID** | P073040 |
| **Registered Effective Date** | 07/20/2018 |
| **Period of Existence** | PER |
| **Status** | Organized   Request a Certificate of Status |
| **Status Date** | 07/20/2018 |
| **Entity Type** | Domestic Limited Liability Company |
| **Annual Report Requirements** | Limited Liability Companies are required to file an Annual Report under s. 183.0120, WI Statutes. |

## Addresses

| | |
|---|---|
| **Registered Agent Office** | ADAM N. SKARIE<br>331 E WASHINGTON ST<br>APPLETON , WI 54911-5451<br><br>File a Registered Agent/Office Update Form |
| **Principal Office** | 500 INDUSTRIAL PARK ROAD HWY 67<br>ELKHART LAKE , WI 53020 |

## Historical Information

**Annual Reports**

| Year | Reel | Image | Filed By | Stored On |
|------|------|-------|----------|-----------|
| 2019 | 000 | 0000 | online | database |

File an Annual Report - Order a Document Copy

| | |
|---|---|
| **Certificates of Newly-elected Officers/Directors** | None |
| **Old Names** | None |

**Chronology**

| Effective Date | Transaction | Description |
|---|---|---|
| 07/20/2018 | Organized | n |

EXHIBIT
D

PRO TRANSPORT LOGISTICS, LLC (P073040)

| 09/06/2019 | Change of Registered Agent | 09/06/2019 | OnlineForm 5 |

Order a Document Copy

3044029-LRB/PRS                                                                    ARDC #6318099

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RAVEEN SMITH,                              )
                                          )
    Plaintiff,                       )
                                          )
v.                                        )     Case No.: 19 L 942
                                          )
ZACHARIAH KRAEMER, individually and as )
Agent, employee, and/or servant of PTX     )
SERVICES, LLC, a foreign corporation, and/or )
servant of PRO TRANSPORT LOGISTICS,        )
LLC, a foreign corporation, PTX SERVICES,  )
LLC, a foreign corporation, and PRO        )
TRANSPORT LOGISTICS, LLC, a foreign        )
corporation.                               )
                                          )
    Defendants.                      )

### AFFIDAVIT OF PTX SERVICES, LLC

    I, THOMAS BLEND, being duly sworn on oath, do offer and state that if I am called to testify under oath, I could truly, competently and on personal knowledge, state:

1. I am an officer and appointed manager of PTX SERVICES, LLC.

2. PTX SERVICES, LLC, is, and at the time of the alleged incident was, a limited liability corporation incorporated under the laws of the State of Wisconsin.

3. PTX SERVICES, LLC's principal place of business is, and at the time of the alleged incident was, Plymouth, Wisconsin.

4. PTX Leasing, LLC, is the sole member of PTX SERVICES. LLC.

5. PTX Leasing, LLC, is a limited liability corporation incorporated under the laws of the State of Wisconsin.

6. PTX Leasing, LLC's principal place of business is, and at the time of the alleged incident was, Plymouth, Wisconsin.



EXHIBIT

E

7. Zachariah Kraemer is, and at the time of the alleged incident was, a citizen and resident of the State of Wisconsin.

**FURTHER AFFIANT SAYETH NOT.**

_Thomas R. Blend_
THOMAS BLEND

Subscribed and Sworn to
Before me this _7th_ day
of _January_ , 2020
_Sandra M Khahn_(seal)

2

3044029-LRB/PRS                                                    ARDC #6318099

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RAVEEN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| ZACHARIAH KRAEMER, individually and as | ) |
| Agent, employee, and/or servant of PTX | ) |
| SERVICES, LLC, a foreign corporation, and/or | ) |
| servant of PRO TRANSPORT LOGISTICS, | ) |
| LLC, a foreign corporation, PTX SERVICES, | ) |
| LLC, a foreign corporation, and PRO | ) |
| TRANSPORT LOGISTICS, LLC, a foreign | ) |
| corporation. | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF PRO TRANSPORT LOGISTICS, LLC

I, THOMAS BLEND, being duly sworn on oath, do offer and state that if I am called to testify under oath, I could truly, competently, and on personal knowledge, state:

1. I am an officer and appointed manager of PRO TRANSPORT LOGISTICS, LLC.

2. PRO TRANSPORT LOGISTICS, LLC, is, and at the time of the alleged incident was, a limited liability corporation incorporated under the laws of the State of Wisconsin.

3. PRO TRANSPORT LOGISTICS, LLC's principal place of business is, and at the time of the alleged incident was, Elkhart Lake, Wisconsin.

4. PRO TRANSPORT LOGISTICS, LLC, is strictly a freight brokerage operation.

5. Plyco Corporation is the sole member of PRO TRANSPORT LOGISTICS, LLC.

6. Plyco Corporation is a corporation incorporated under the laws of the State of Wisconsin.



7. Plyco Corporation's principal place of business is, and at the time of the alleged incident, was Elkhart Lake, Wisconsin.

**FURTHER AFFIANT SAYETH NOT.**

THOMAS BLEND

Subscribed and Sworn to
before me this _7th_ day
of _January_ , 2020

_____ (seal)

2

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
19L942
Date: 10/29/2019 3:42 PM
Envelope: 7155129
Clerk: JT

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

RAVEEN SMITH                                      )
                                                 )
   Plaintiff                                     )
                                                 )
       vs.                                    )   Case No.:   19L942
                                                 )
ZACHARIAH KRAEMER, individually and as           )
agent, employee, and/or servant of PTX           )   JURY DEMAND
SERVICES, INC. a foreign corporation, and/or     )
servant of PRO TRANSPORT LOGISTICS, LLC,         )
a foreign corporation, PTX SERVICES, INC., a     )
foreign corporation, and PRO TRANSPORT           )
LOGISTICS, a foreign corporation.                )
                                                 )
   Defendant(s).                                 )

## RULE 222(B) AFFIDAVIT

Christopher M. Norem, on oath states:

1) I am one of the attorneys for Plaintiffs in the above captioned case; for purposes of the Rule 222(B) affidavit, I am the Plaintiff's authorized agent.

2) The total money damages sought in this case does exceed $50,000.

Further affiant sayeth naught.

Law Offices of
PARENTE & NOREM, P.C.
221 N. LaSalle St., Ste. 2700
Chicago, Illinois 60601
Telephone: (312) 641-5926
Facsimile: (312) 641-5929
Atty. No.: 31556

Christopher M. Norem
Attorney for Plaintiff

15



**EXHIBIT**

tabbies

*G*